UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ROSETTA WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:17-cv-1268-JCH |
| vs. | ) |
| | ) |
| CITY OF MAPLEWOOD, MISSOURI, *et al*. | ) |
| | ) |
| Defendants. | ) |

**CITY OF MAPLEWOOD MISSOURI'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

The City of Maplewood, Missouri ("Maplewood") submits the following Memorandum in Support of its Motion to Dismiss the First Amended Complaint ("Amended Complaint") [Dkt. 53] of Rosetta Watson ("Plaintiff") pursuant to FRCP 12(b)(6) for failure to state a claim. In order to avoid unnecessary duplication, Maplewood adopts and incorporates the "Introduction and Background" section of *Individual Defendants' Memorandum in Support of Their Motion to Dismiss* [Dkt. 60], submitted currently with this Memorandum and as if fully set forth herein.[1]

Pursuant to its ordinances and procedures, on March 22, 2012 Maplewood held a hearing to determine whether a nuisance existed at 2507 Bellevue Avenue, Unit #9, (the "Property"). Notice of the hearing was sent to the occupants of the Property, Plaintiff and Robert S. Hennings, setting forth the basis for the hearing, the hearing time and date, and advising Plaintiff of her right to appear with counsel. *See* Am. Compl. Ex. D [Dkt. 54-5]. Plaintiff attended the hearing in person. Am. Compl. at ¶ 64. At the hearing, Maplewood police officers presented sworn-testimony regarding the conditions and actions observed at the Property. After the conclusion of the hearing, Maplewood's hearing officer reviewed the testimony and written supporting

---

[1] A true and correct copy of Chapter 34, Article VIII of Maplewood's City Code pertaining to public nuisances against persons, property, public peace, and public safety (the "Ordinance") is attached as Exhibit A.

1

evidence[2] and determined that there was substantial and competent evidence to support a finding that a public nuisance existed at the Property.

Pursuant to its ordinance and Missouri statutory requirements, Maplewood subsequently issued its written Findings of Fact, Conclusions of Law, and Order ("Order").[3] As part of this Order, and based on the evidence presented at the hearing, it was determined that both Robert Hennings and Plaintiff were active participants in the multiple incidents that took place at the Property and which met the Ordinance definition of a public nuisance, specifically that both Plaintiff and Hennings had committed acts of domestic violence and peace disturbance more than two times within a 180-day period.  Pursuant to this finding, and in order to abate the nuisance at the Property, Maplewood revoked the occupancy permits of both Plaintiff and Hennings for a period of 6 months.  Plaintiff did not appeal the Order to the St. Louis County Circuit Court, a right explicitly provided by the Ordinance and Missouri law.[4]  Accordingly, the Order, including its findings of fact and conclusions of law, became final and binding on Plaintiff.  Plaintiff subsequently pleaded guilty to assault in connection with an incident referenced in the Order in Maplewood Municipal Court.  A certified copy of Maplewood's court records reflecting Plaintiff's guilty plea is attached hereto as Exhibit C.[5]

## LEGAL STANDARD

A motion under Rule 12(b)(6) tests whether the complaint states a claim upon which relief may be granted.  Factual allegations must raise a right to relief above the speculative level.

---

[2] True and correct copies of the police reports presented at the March 22, 2012 hearing and entered into the administrative record that same day, and which are incorporated by reference into the April 10, 2012 Findings of Fact, Conclusions of Law, and Order attached to Plaintiff's Complaint, are attached hereto as Exhibit B.  A court may take judicial notice of some public records and "materials that are necessarily embraced by the pleadings." *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008).
[3] *See* Am. Compl. Ex. H (Findings of Fact, Conclusions of Law, Order dated April 10, 2012). [Dkt. 54-9]
[4] *See* Exhibit A and Mo. Rev. Stat. § 536.110.
[5] "Federal courts may sua sponte take judicial notice of proceedings in other courts if they relate directly to the matters at issue." *United States v. Evans*, 690 F.3d 940, 943 (8th Cir. 2012).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Stated slightly differently, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when it contains sufficient factual content to allow the Court to draw the reasonable inference that a defendant is liable for the misconduct alleged. *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Accordingly, the complaint must "include sufficient factual information to provide the grounds on which the claim rests." *Schaaf v. Res. Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).

## ARGUMENT

**I.     PLAINTIFF DOES NOT ALLEGE A FIRST AMENDMENT VIOLATION.**

**A.     The Ordinance is Not Addressed at Calls to the Police by Plaintiff.**

Count I of Plaintiff's Amended Complaint alleges Plaintiff was punished for her calls to the police, thus allegedly violating her rights of speech and petition. Am. Compl. at ¶¶ 88-96. She further alleges that Maplewood's nuisance Ordinance "violates the first Amendment on its face by imposing penalties…on the basis of calls to the police…" *Id*. at ¶ 92.

Plaintiff's allegations that Maplewood's Ordinance imposes penalties "on the basis of calls to the police" is simply false. Contrary to Plaintiff's assertion, there is nothing in the Ordinance that penalizes "calls to the police." *See* Exhibit A. Rather, the Ordinance merely provides that if certain *acts and conditions* are determined, after notice and hearing, to exist based on competent and substantial evidence, those acts and conditions may be declared a public nuisance and ordered abated. *Id.* at Section 34-240 (17) (listing nuisance categories and defining nuisances as "Any premises upon which any of the following acts or conditions have occurred or continue to occur…") (emphasis added). The Ordinance's references to "calls to the police" are

3

simply <u>incidental</u> to the descriptions of acts or conditions that are classified as the nuisance and it is only the multiple, repeated instances of these acts and conditions, incidentally resulting in calls to the police, which may be declared a nuisance.  The calls to the police may come from neighbors, passersby, or strangers, further demonstrating that the Ordinance is not addressed at regulating police calls, but rather the underlying nuisance activity.  Calls to the police do not and cannot, in and of themselves, serve as the basis for any nuisance hearing or finding.

The U.S. Supreme Court has held that even when a party engages in protected First Amendment activity, the activity is subject to regulation when coupled with unprotected, non-expressive acts.  *U. S. v. O'Brien*, 391 U.S. 367 (1968) (upholding statute prohibiting burning of draft cards, which activity possessed an expressive element, when statute focused on non-communicative conduct, burden on protected activity was only "incidental," and government possessed a legitimate interest in regulation of the conduct: "assuring the continued availability" of draft cards.).  The 8th Circuit has applied this test several times.  *See, e.g., Farkas v. Miller*, 151 F.3d 900, 905 (8th Cir. 1998) ("Under *O'Brien*, a regulation that burdens expressive activity as distinct from pure speech can be justified if (1) the regulation is within the constitutional power of the government; (2) the regulation furthers an important or substantial government interest; (3) the government interest is unrelated to the suppression of free expression; and (4) the incidental restriction on alleged First Amendment rights is no greater than necessary to further that interest."); *Ingram v. Johnson*, 187 F.3d 877, 879 (8th Cir. 1999) (rejecting First Amendment retaliation claim when "speech was clearly incidental to…unauthorized conduct.").  With respect to regulating nuisance activity, other courts have found no violation of First Amendment rights under similar factual situations.  *See Hvamstad v. Suhler*, 727 F.Supp. 511, 518-519 (D. Minn. 1989) (upholding nuisance statute ordering closing of nuisance property for one year and holding

4

that "[a]ny effect [the] statute has on expressive rights is indirect and incidental to its goal of eliminating nuisances). As explained in *Hvamstad*, "a property can be adjudicated a nuisance not because the landowner [engages in First Amendment activity], but because certain illegal acts are committed on the property." *Id*. at 516, n. 2.[6] Plaintiff's focus on police calls, rather than prohibited activities incidentally resulting in police calls, mischaracterizes the Ordinance.

Under any reasonable reading, the Ordinance is directed at unprotected, non-expressive activity ("acts and conditions") and any restriction on expressive activity is merely incidental.

**B.     Plaintiff Has Not Alleged Facts Demonstrating a First Amendment Violation.**

In addition to mischaracterizing the Ordinance's public nuisance definition, the Complaint fails to allege facts demonstrating a First Amendment Section 1983 violation. To do so, "the plaintiff must show that [she] 1) 'engaged in a constitutionally protected activity,' 2) that the government's…adverse action caused [her] to suffer an injury which would 'chill a person of ordinary firmness from continuing…in that activity'; and 3) "that the adverse action was motivated in part by…the exercise of [her] constitutional rights.'" *Palmore v. City of Pacific*, 851 F.Supp.2d 1162, 1172 (E.D. Mo. 2010) (quoting *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002)). The defendant's motive "must have been a substantial factor" in the alleged adverse action, that "the retaliatory motive was a 'but-for' cause" of the alleged retaliatory action, and that the plaintiff was "'singled out' because of [the] exercise of constitutional rights." *Baribeau v. City of Minneapolis*, 592, F.3d 465, 481 (8th Cir. 2010).

---

[6] Plaintiff's claim that Maplewood's Ordinance must satisfy a "compelling government interest" that is "narrowly tailored" (Am. Compl. at ¶ 94) appears to recite the standard for "strict scrutiny" and is incorrect. "A regulation that serves purposes unrelated to the content of expression is deemed neutral, even if it has an incidental effect on some speakers or messages but not others." *Peterson v. City of Florence, Minn.*, 727 F.3d 839, 842 (8th Cir. 2013). To the extent the content-neutral Ordinance has any purported effect on "speech," it is incidental and thus subject only to intermediate scrutiny. *Id*.

5

Plaintiff does not allege any facts to substantiate that her Property was the subject of a nuisance hearing "because of" calls to the police, that Maplewood had a "retaliatory motive" towards Plaintiff, or that this alleged motive was a "substantial factor" in its decision to hold a nuisance hearing and/or revoke Plaintiff's occupation permit.  As an initial matter, Plaintiff alleges no facts as to why Maplewood would even possess a "retaliatory motive."  As stated in the April 10, 2012 Order, the occupancy permits issued to Plaintiff and Robert Hennings were revoked because it was determined after a hearing that both individuals were active participants in and perpetrators of domestic violence and that these activities constituted a public nuisance, not because Plaintiff telephoned the police.  *See* Am. Compl. Ex. H.  In addition, Plaintiff has not pleaded and cannot demonstrate facts showing her calls to the police were a "but for" factor in the decision to revoke her occupancy permit, or that she was "singled out" for adverse action because of these calls.  In the absence of any facts to support the claim that Plaintiff's police calls, rather than her own actions, were the basis of the March 22, 2012 hearing and subsequent decision, or that this decision was made with a "retaliatory motive," Plaintiff cannot plausibly state a viable First Amendment violation claim.  Accordingly, Count I should be dismissed.

**II.     PLAINTIFF'S EQUAL PROTECTION CLAIM FAILS AS A MATTER OF LAW.**

   **A.     Plaintiff Mischaracterizes the Text and Purpose of Maplewood's Ordinance.**

Plaintiff's Equal Protection claim alleges that the Ordinance "intentionally discriminate[s] against women by singling out calls related to domestic violence."  Am. Compl. at ¶ 99.  In fact, the Ordinance is facially neutral and makes no reference to gender.  *See* Exhibit A.  Furthermore, the April 10, 2012 Order, the basis of Plaintiff's equal protection claim, imposed exactly the same remedial measures with respect to Plaintiff as it did with respect to her male companion, Robert Hennings, based on the finding that both Plaintiff and Hennings had

actively participated in acts of domestic violence and peace disturbance, as later confirmed by Plaintiff's guilty plea to such acts of domestic violence.[7] Plaintiff also makes the conclusory allegation that the Ordinance "relies on gender stereotypes about abused women," (Am. Compl. at ¶ 99) but does not identify these alleged stereotypes, or provide facts as to how such alleged stereotypes are "relied upon" in the Ordinance. Because Maplewood took the same measures with respect to both Plaintiff and her male companion, on the basis of the same underlying acts, the April 10, 2012 Order cannot possibly give rise to a gender-based equal protection claim.

### B. Maplewood's Ordinance Furthers an Important Government Objective and Is Rationally Related to Achieving that Objective.

The only changes to Count II of the Amended Complaint are in the following paragraph:

Enactment and enforcement of the Nuisance Policy to target situations where residents seek emergency or police assistance relating to domestic violence, treating them differently from other crimes, does not advance an important or legitimate government interest, and is not substantially or rationally related to advance such an interest.

Am. Compl. at ¶ 102.[8]

Plaintiff's allegation that the enforcement of its nuisance Ordinance "does not advance an important or legitimate public interest," is simply without merit. Maplewood's Ordinance was enacted pursuant to its police powers to address a plain, obvious, and important "legitimate public interest" – to protect the health, welfare, and safety of Maplewood residents by abating public nuisances, thereby contributing to the City's quality of life. Enforcing such ordinances goes to the very core of local government responsibilities. *Frye v. Kanas City, Mo. Police Dept.*, 375 F.3d 785, 791 (8th Cir. 2004). It is also undisputed that cities possess the power to define

---

[7] *See* Exhibit C.
[8] Compare the same paragraph from Plaintiff's Original Complaint. "Enforcement of the Nuisance Section in situations where residents seek emergency or police assistance relating to domestic violence does not advance an important or legitimate government interest, and is not substantially related to advance such an interest." Compl. at ¶ 102.

7

and abate public nuisances. *Samuels v. Meriwether*, 94 F.3d 1163, 1165 (8th Cir. 1996). *See also Assoc. of Comm. Org. for Reform Now v. City of Frontenac*, 714 F.2d 813, 818 (8th Cir. 1983) ("[A] municipality may regulate activities in the interest of preventing undue annoyance of its residents.") (citing *Hynes v. Mayo and Council of Borough of Oradell*, 425 U.S. 610 (1976)).

Likewise, Plaintiff's allegation that the Ordinance "is not substantially or rationally related" to an important and legitimate government interest is patently incorrect. As stated above, Maplewood's Ordinance is facially neutral and does not purport to draw any classifications whatsoever and is therefore subject only to rational basis review. *Gallagher v. City of Clayton*, 699 F.3d 1013, 1019 (8th Cir. 2012). [9] For purposes of Plaintiff's equal protection claim, the Ordinance easily satisfies rational basis review requirements. *See Crum v. Vincent*, 493 F.3d 988, 994 (8th Cir. 2007) (under rational basis review, "[a court] presume[s] legislation is valid and will sustain it" if the challenged law is rationally related to a government interest and "will not be set aside if any state of facts reasonably may be conceived to justify it.") (internal quotations omitted). Under any reasonable reading, Maplewood's Ordinance is rationally related to an important government objective.

### C. Plaintiff's Equal Protection Allegations Fail to State a Claim for Relief.

Plaintiff's Equal Protection challenge fails to state a claim for relief for several reasons.

---

[9] Although not spelled-out in the Amended Complaint, based on the language used in paragraph 102 Plaintiff appears to suggest the Ordinance could be subject to so-called "intermediate review." This suggestion is incorrect. The Ordinance is facially neutral and does not purport to contain classifications of any kind. Nor does Plaintiff allege that Maplewood enforces its Ordinance differently for men and women. Thus, the Ordinance is subject only to rational basis review. *Stiles v. Blunt*, 912 F.2d 260, 263 (8th Cir. 1990) ("[The U.S. Supreme Court] has on occasion applied what can be characterized as an intermediate level of review to classifications involving gender, alienage, or legitimacy.") (citing *Craig v. Boren*, 429 U.S. 190, 197 (1976)). *See also Plyler v. Doe*, 457 U.S. 202, 217 (1982) (describing "intermediate scrutiny" as applying to "certain forms of legislative classification, [which] while not facially invidious, nonetheless give rise to recurring constitutional difficulties; *in these limited circumstances* we have sought the assurance that the classification reflects a reasoned judgment consistent with the ideal of equal protection by inquiring whether it may fairly be viewed as further a substantial interest of the State.") (emphasis added).

8

First, the entirety of Count II contains nothing more than conclusory allegations that Maplewood treats citizens unequally. As a matter of law, this is insufficient for an equal protection claim. *See Iqbal*, 556 U.S. at 678. A claim is only facially plausible "where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Blomker v. Jewell*, 831 F.3d 1051, 1055 (8th Cir.2016) (quote omitted).

Count II contains no factual content, or any specific facts at all, to support an allegation that Maplewood practices unequal treatment or "target[s] situations…relating to domestic violence…". Am. Compl. at ¶ 102. At best, it relies on assertions made "on information and belief" and without any factual support. *See id.* at ¶ 100 ("On information and belief, Defendants have enforced the Nuisance Policy against other women victims of domestic violence.") These types of vague, unsupported allegations are legally insufficient. *See Pope v. Fed. Home Mortg. Corp.*, 561 Fed. App'x 569, 573 (8th Cir. 2014) (holding that a pleading based on information and belief with no facts that would lead to an inference of a plausible claim is insufficient under FRCP 8 and 12); *accord*, *Metro. St. Louis Equal Hous. & Opportunity Council v. City of Maplewood, Mo.*, No. 4:17-cv-886-RLW, 2017 WL 6278882 at *4 (Dec. 8, 2017).

Second, Plaintiff does not articulate, or support with allegations of any facts giving rise to a plausible inference, that the Ordinance was enacted or is enforced with a discriminatory purpose. "The Equal Protection Claus requires that the government treat similarly situated persons alike." *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1014 (8th Cir. 2013). A facially neutral policy, such as the Ordinance, is unconstitutional under the Equal Protection Clause only if its alleged effects "can be traced to a discriminatory purpose." *Id.* at 650 (citing *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 273 (1979)).[10] Furthermore, "[a] person claiming unequal

---

[10] In addition, Plaintiff's Equal Protection claim does not specifically identify a "similarly situated group" supposedly receiving more favorable treatment under the Ordinance, or what such supposed "more

9

enforcement of a facially neutral [ordinance] must show both that the enforcement had a discriminatory effect, *and* that the enforcement was motivated by a discriminatory purpose." *United States v. Bell*, 86 F.3d 820, 823 (8th Cir. 1996) (emphasis added).

As a factual matter, the April 10, 2012 Order, plainly treated both Plaintiff and her male companion identically on the basis of the same actions. Thus, there was no discriminatory effect in its enforcement. Furthermore, an allegation that a facially-neutral law merely may have a disproportionate effect is insufficient as a matter of law to maintain a claim for a gender-based equal protection violation, absent a showing of purposeful discrimination. *See Villanueva v. City of Scottsbluff,* 779 F.3d 507, 511 (8th Cir. 2015) ("A policy that does not facially discriminate against a discrete group will not violate the Equal Protection Clause without some showing of discriminatory purpose.") (affirming denial of equal protection claim that city engaged in gender discrimination by not responding to women's complaints of domestic violence); *Keevan v. Smith*, 100 F.3d 644, 651 (8th Cir. 1996) (equal protection challenge to facially gender-neutral statute insufficient "without a showing of discriminatory intent. 'Discriminatory purpose'…implies more than intent as a volition or intent as awareness of consequences. It implies that the decision maker…selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group.") (internal citations omitted); *Feeney*, 442 U.S. at 274 ("A fundamental principle of equal protection is that the Constitution only prohibits intentional or purposeful discrimination by the state.") (analyzing gender-neutral statute and holding statute's provisions did not violate Equal Protection Clause).

Plaintiff does not allege any facts, only conclusory statements, demonstrating any purported discriminatory enforcement and cannot maintain a plausible claim Maplewood took

---

favorable treatment" entails. This alone is grounds for dismissal. *See Hager,* 735 F.3d at 1014 (dismissing equal protection claims for lack of facts on supposedly similarly situated persons).

intentional action against her "because of" her gender.  Therefore, Count II should be dismissed.

## III.   PLAINTIFF HAS NOT ALLEGED INTERFERENCE WITH AN INTERSTATE "RIGHT TO TRAVEL."

### A.    The Ordinance is Rationally Related To a Legitimate Government Interest.

A law is "rationally related to a legitimate government interest" when there is "any reasonably conceivable state of facts that could provide a basis for the classification." *Gallagher*, 699 F.3d at 1019 (internal quotations omitted) (affirming district court dismissal of challenge to municipal anti-smoking law under rational basis review).  Such laws are "accorded a strong presumption of validity" and "courts are compelled under rational-basis review to accept a legislature's generalizations even when there is an imperfect fit between means and ends." *Id*. (quoting *Heller v. Doe*, 509 U.S. 312, 319 (1993)).

Maplewood has an important interest in promoting public peace and general welfare and protecting its residents from ongoing nuisance conditions.  The Ordinance is plainly rationally related to this objective and does not impermissibly interfere with a purported "right to travel." In *Hughes v. City of Cedar Rapids,* 840 F.3d 987, 996 (8th Cir. 2016), the 8th Circuit had no trouble arriving at this same conclusion, affirming the dismissal of certain drivers' challenge to a local traffic ordinance on the basis that it supposedly violated their "fundamental right to travel." In rejecting this challenge, the 8th Circuit held the ordinance possessed a rational basis, namely that the "City could rationally conclude that the [traffic system authorized by the ordinance] would reduce the number of people violating traffic laws." *Id*.  In reaching this conclusion, the Court noted that "[i]n rational basis review, 'legislative choice is not subject to courtroom fact-finding and may be based on rational speculation unsupported by evidence or empirical data.'" *Id*. (quoting *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993).

11

Maplewood's Ordinance is squarely aimed at promoting a legitimate public purpose and there is a rational relationship between the Ordinance and effectuating this purpose. Accordingly, the Ordinance easily satisfies a rational basis review.

> **B.** **There is No Right To Intra-State Travel Nor So-Called "Right To Live Where You Want."**

The U.S. Supreme Court has identified "three different components" of the "right to travel." *Saenz v. Roe*, 526 U.S. 489, 500 (1999).  According to the Court, the right comprises: (1) "the right of a citizen of one State to enter and to leave another State," (2) "the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State," and (3) for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State." *Id*.  As demonstrated by these categories, it is well settled that any federal "right to travel" protects only the "right to free interstate movement." *Id*. (rejecting claim that state statute violated alleged "right to travel" when statute did not "directly impair the exercise of the right to free interstate movement.").  *See also Doe v. Miller,* 405 F.3d 700, 712 (8th Cir. 2004) (state residency restriction on sex offenders did not implicate right to travel because it did not prevent persons from entering or leaving the state); *Doe v. Neer*, 649 F.Supp.2d 952, 956 (E.D. Mo. 2009) (dismissing right to travel claim on similar grounds).

The Missouri Supreme Court has been equally consistent that any "right to travel" is limited to interstate travel only.  *See Planned Parenthood of Kansas v. Nixon*, 220 S.W.3d 732, 744-745 (Mo. banc 2007) (rejecting challenge to state statute based on alleged right to travel when statute did not impose barriers on interstate travel).  Similarly, the 8th Circuit has never recognized a right to *intra*state travel.  *See Miller*, 405 F.3d at 713 (declining to recognize such a right and rejecting argument that individuals possess a "fundamental right to 'live where you want.'"); *Hughes*, 840 F.3d at 995-996 ("A purely intrastate restriction does not implicate the

12

right of interstate travel…") (quoting *Bray v. Women's Health Clinic*, 506 U.S. 263, 277 (1993)).

The Amended Complaint does not allege that Maplewood has impeded Plaintiff's right to interstate travel. Maplewood's local ordinances are, of course, incapable of imposing such an impediment. Furthermore, the Missouri Supreme Court and federal courts in this Circuit have consistently declined to recognize a right to intra-state travel. For these reasons, Count III of Plaintiff's Amended Complaint fails to state claim for relief and should be dismissed.

## IV.   MAPLEWOOD'S ORDINANCE COMPORTS WITH DUE PROCESS.

Maplewood restates and incorporates as if fully set forth herein its arguments and authorities from Section IV of its original *Memorandum in Support of its Motion to Dismiss.* [Dkt. 22] The Ordinance provides for significant procedural due process safeguards, which Plaintiff acknowledges were observed during the March 22, 2012 proceedings. In addition, the Amended Complaint contains no facts supporting Plaintiff's substantive due process allegations.

## V.   INDIVIDUAL LIABILITY IS A PRE-REQUISITE TO MUNICIPAL LIABILITY.

For the reasons set forth in the *Individual Defendants' Memorandum in Support of Their Motion to Dismiss* [Dkt. 60], filed with this Memorandum, the Individual Defendants are immune from suit pursuant to the doctrine of absolute judicial immunity, or, in the alternative, the doctrine of qualified immunity. Maplewood expressly adopts and incorporates the arguments and authorities contained in the *Individual Defendants' Memorandum* as if fully set forth herein.

Plaintiff's Amended Complaint alleges injuries purportedly carried out through the acts of Maplewood's employees and agents. *See, e.g., Am. Compl.* at ¶ 17 ("The City is governed by a Mayor and a six-member City Council. *It acts through its officials, agents, and employees and is responsible for the actions described in this Complaint.*") (emphasis added). Specifically, Plaintiff alleges her injuries were carried out through the acts of the Individual Defendants. *See,*

13

*e.g., id*. at ¶¶ 18-20 (describing the allegations against Individual Defendants and how their alleged acts purportedly led to Plaintiff's injuries); *id*. at ¶¶ 59-73 (framing injuries as purportedly caused by acts allegedly undertaken by the Individual Defendants).

Because no liability can attach to the Individual Defendants, Plaintiff's claims against Maplewood itself must fail as well. "This circuit has consistently recognized a general rule that, in order for municipal liability to attach, individual liability first must be found on an underlying substantive claim." *McCoy v. City of Monticello*, 411 F.3d 920, 922 (8th Cir. 2005) (citing cases collected from the 8th Circuit U.S. Court of Appeals). This rule includes situations in which individual defendants are immune from suit on grounds of absolute immunity. *See Patterson v. Von Riesen*, 999 F.2d 1235 (8th Cir. 1993). The facts and holding of *Patterson* are instructive. In this case, the district court found that prosecutors, parole board members, and prison warden were entitled to absolute immunity from a § 1983 suit filed by the plaintiff prisoner. *Id*. at 1237-1240. The 8th Circuit affirmed the district court's decision, holding that the individual defendants were "absolutely immune for all damages flowing from their conduct…" *Id*. at 1239. In addition, the 8th Circuit affirmed the district's court's dismissal of the plaintiff's claims against the municipal defendant, Hall County, Nebraska, explaining its rationale as follows:

> For the county to be liable, Patterson must be able to attach liability to the decision in question…Because of the prosecutors' absolute immunity, Patterson cannot attach liability to the decision in question, and, thus, *even if the policy was county policy*, Patterson sill may not recover damages.

*Id*. at 1238, n. 2 (emphasis added).

The rule that individual liability must first attach to an underlying substantive claim in order to attach liability to a municipality also applies when individual defendants are entitled to qualified immunity. *See, e.g., Veneklase v. City of Fargo*, 248 F.3d 738, 748-749 (8th Cir. 2001) (en banc) (City not liable for § 1983 claims when individual police officers entitled to qualified

14

immunity); *Turpin v. County of Rock*, 262 F.3d 779, 784 (8th Cir. 2001) (County not liable on civil rights action when individual police officers entitled to qualified immunity).[11]

Per the law of this Circuit, in order to state a claim against Maplewood, Plaintiff must first be able to attach liability to some underlying act or decision. Yet because the Individual Defendants are entitled to absolute judicial immunity, Plaintiff cannot establish liability against Maplewood itself. For this additional reason, Plaintiff's claims should be dismissed.

## VI. PLAINTIFF'S CLAIMS ARE BARRED BY NOT APPEALING THE ORDER.

Maplewood restates and incorporates as if fully set forth herein its arguments and authorities from Section VI of its original *Memorandum in Support of its Motion to Dismiss*, namely that by failing to appeal the April 10, 2012 Order as allowed for by law, Plaintiff's claims are barred by the doctrine of *res judicata* and/or the Rooker-Feldman doctrine.

## VII. PLAINTIFF'S STATE LAW CLAIMS FAIL FOR THE SAME REASONS.

Plaintiff's state law claims in Counts V through VIII mirror her federal claims in Counts I through IV, confirmed by her allegation that "Defendants similarly violate the Missouri State Constitution's equivalent protections of freedom of speech and the right to petition, equal protection, due process, and the right to travel." Am. Compl. at ¶ 11. Because Counts V through VIII contain the exact same allegations, using the exact same verbiage found in Counts I through IV, Plaintiff's state claims fail to state a claim for relief for the same reasons set forth above.

## CONCLUSION

Wherefore, Defendant City of Maplewood respectfully requests its motion be granted and the Amended Complaint dismissed with prejudice and for such other and relief as appropriate.

---

[11] *See also Avalos v. City of Glenwood*, 382 F.3d 792, 802 (8th Cir. 2004) (detective entitled to qualified immunity and thus "'necessarily resolve[d]' the remaining claims in the municipal defendants' favor.") (citing *Lockridge v. Bd. of Trustees of Univ. of Arkansas*, 315 F.3d 1005, 1013 (8th Cir. 2003) (en banc); *Brockington v. City of Sherwood*, 503 F.3d 667, 674 (8th Cir. 2007) ("[N]o Van Buren County defendant is liable for an underlying substantive claim. Therefore, the County cannot be held liable under § 1983.").

Respectfully submitted,

HUSCH BLACKWELL LLP

By: /s/ Michael J. Tolles
Craig S. Biesterfeld (Mo. Bar No. 27233)
Michael J. Tolles (Mo. Bar No. 61606)
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
(314) 480-1500 telephone
(314) 480-1505 facsimile
craig.biesterfeld@huschblackwell.com
mike.tolles@huschblackwell.com

*Attorney for Defendant City of Maplewood, Missouri*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served via the Court's electronic notification system upon all counsel of record this 15th day of December, 2017.

/s/ Michael J. Tolles